IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| ROBERT MIKAIL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:13cr137 |
| v. | ) | 1:14cv81 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Petitioner Robert Mikail's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.  [Dkt. 149.]  For the following reasons, the Court will deny Petitioner's motion.

### I. Background

On April 4, 2013, a federal grand jury indicted Petitioner on charges of bank fraud and conspiracy to commit bank fraud.  (Indictment [Dkt. 1] at 1.)  These charges stem from Petitioner's involvement in a mortgage fraud scheme that used straw buyers to submit falsified mortgage loan applications.

On July 17, 2013, Petitioner pled guilty to the conspiracy charge.  Petitioner simultaneously entered a plea agreement wherein the Government agreed to drop the remaining charges and recommend various sentencing reductions in exchange

1

English's representation was therefore ineffective. Both parties have filed pleadings and responsive materials in accordance with the Federal Rules of Civil Procedure and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Accordingly this matter is ripe for review.

## II. Standard of Review

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner to challenge the legality of his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of demonstrating his grounds for relief by a preponderance of the evidence. *See Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. *See In re Jones*, 226 F.3d 328, 332-33 (4th Cir. 2000) ("'[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus[.]'" (quoting *Davis v. United States*, 417 U.S. 333, 343

3

for Petitioner's full cooperation.  As part of the agreement,
Petitioner acknowledged that "no threats, promises, or
representations have been made, nor agreements reached, other
than those set forth in writing in [the] plea agreement, to
cause [him] to plead guilty."  The agreement also informed
Petitioner that any subsequent motion to reduce his sentence
would be at the Government's sole discretion.  During the
ensuing plea colloquy, Petitioner affirmed under oath that he
had received no predictions or promises as to the sentence he
should expect to receive, and that he understood he would be
bound by his plea and the terms of his plea agreement even if
his actual sentence varied from what he expected to receive.

        Petitioner appeared before the Court for sentencing on
January 10, 2014.  The Court adopted the Pre-Sentence
Investigation Report, which assessed an advisory Guidelines
range of 78 to 97 months.  After a downward departure pursuant
to U.S.S.G. § 5K1.1, the Court sentenced Petitioner to 52 months
incarceration.

        Petitioner did not appeal, but instead filed the
instant motion on January 24, 2014.  In his Petition, Mikail
contends that defense counsel, Gregory English ("English"),
advised that he would receive a sentence of 23 months if he
cooperated.  Mikail asserts that had he known he would not
receive 23 months he would not have cooperated, and that

2

(1974))).  The existence of the right to pursue a collateral attack, however, does not displace a direct appeal as the "usual and customary method of correcting trial errors."  *United States v. Allgood*, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). Consequently, claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are procedurally barred from review under § 2255.  *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'"  *Id*. at 622 (citations omitted).

        Nevertheless, an exception applies for claims of ineffective assistance of counsel.  *See United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." (citation omitted)).  Under the standard promulgated in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance: (1)

4

"counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

To establish constitutionally deficient performance under the first prong, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." *Springer v. Collins,* 586 F.2d 329, 332 (4th Cir. 1978); *see also Strickland,* 466 U.S. at 687. Given it is all too easy to challenge an act, omission, or strategy once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689. In assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691.

The second prong requires a petitioner to "affirmatively prove prejudice," which necessitates a showing that "there is a reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceeding would have
been different." *Strickland,* 466 U.S. at 694.  "A reasonable
probability is a probability sufficient to undermine confidence
in the outcome."  *Id.*

### III. Analysis

Mikail raises two related issues in his § 2255
petition.  First, he contends that both prior to the plea
hearing and prior to his sentencing, counsel advised him that if
he would "plead guilty [and] cooperate with the government, [he]
would receive no more than 23 months in prison."  (Pet. at 5.)
Second, Petitioner asserts that had he known he would not
receive a 23 month sentence he would not have cooperated with
the government.  Therefore, Mikail contends, he received
ineffective assistance of counsel.  (Pet. at 9.)

Mikail seeks to be resentenced in accordance with his
understanding of the plea agreement or, he alleges, he will
withdraw his statements against his co-defendant.  (Pet. at 13.)
As the Government notes, Mikail has not actually sought to
withdraw his guilty plea or recant his trial testimony.  The
Government contends that the motion must be denied because
Mikail's claim is procedurally barred, and even if cast as an
ineffective assistance of counsel claim, Mikail's plea colloquy
directly contradicts his claims here.  (Gov't Resp. at 8.)

6

### A.   Procedural Bar

Mikail could have, but decided not to raise his claim that he should have received a lower sentence pursuant to U.S.S.G. § 5K1.1 on direct appeal.  This claim is thus procedurally barred from review under § 2255.  Indeed, Mikail never filed a direct appeal.  He asserts in his petition that the reason he declined to raise these issues on appeal is "because my lawyer failed to continue representing my case." (Pet. at 3.)  This contention is unavailing.  "While ineffective assistance can excuse a procedural default, *see Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d. 518 (2000), Petitioner's argument fails because, as discussed below, he has not asserted a meritorious claim that counsel was ineffective." *Salguero-Ortiz v. United States*, No. 1:10cr191, 2013 WL 5504156, at *2 n.2 (E.D. Va. Oct. 3, 2013).  Mikail has not raised any argument concerning cause and prejudice so as to excuse the default.  Likewise, he has not made any allegation of actual innocence of the underlying criminal charges. Accordingly, Mikail's claims, to the extent they concern the amount of the sentence reduction pursuant to § 5K1.1, are procedurally defaulted.

### B.   Ineffective Assistance of Counsel

Even when construed as claim of ineffective assistance of counsel, Mikail is not entitled to relief.  Mikail's claim

7

that he expected a 23 month sentence and relied on this calculation when making the decision to plead guilty is directly contradicted his own statements at the plea colloquy conducted on July 17, 2013. A "defendant's solemn declarations in open court affirming [a plea] agreement carry a strong presumption of verity because court must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotation marks omitted). Thus, unless there are "extraordinary circumstances," "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false" *Id.* (internal quotation marks omitted).

Mikail's sworn responses to the Court's questions during the plea colloquy make clear that Mikail understood that the Government was not bound by any representations counsel might have made. Mikail confirmed that he read and understood the plea agreement, and that no promises were made to him other than what was in the plea agreement. (Tr. [Dkt. 194-1] 13:12-24.) Mikail stated that he understood that the Court was not bound by the Government's sentencing recommendation and that the Court had the authority to impose a sentence more or less severe than that called for in the guidelines. (Tr. 14:5, 15:12-16.)

8

Mikail further stated that there had not been any prediction or promise to him of what his sentence would be.  (Tr. 15:25, 16:1-2.)  He likewise confirmed that he understood that if the Court imposed a sentence more severe than the range predicted by counsel, he would still be bound by the plea agreement.  (Tr. 16:6-12.)

Mikail's statements during the plea colloquy are consistent with the affidavit of his counsel.  (English Aff. [Dkt. 194-2].)  English states that he "never told Mr. Mikail what sentence to incarceration he would receive."  (English Aff.)  Instead, English states that he "explained to him that when the prosecution makes a motion for sentence reduction under § 5K1.1, U.S.S.G., the ultimate decision is up to the judge.  I told him that in my experience sentence reductions ranged from one third to two thirds, but I have seen cases that were either more or less."  (English Aff.)  Mikail points to a handwritten document allegedly written by English as evidence that English assured him of a sentence of 23 months.  (Pet. at 4, 17.)  This document, however, contains no such promises.  The handwritten document contains a calculation showing a possible guideline range and the effect that a two-thirds reduction under § 5K1.1 would have on the sentence.  (Pet. at 17.)  There are no promises or assurances contained in this document.  Moreover, any claim that Mikail understood this document to be a promise

9

or assurance is belied by his sworn statements to the contrary during the plea colloquy.

Thus, Mikail is unable to establish that he suffered prejudice because of his counsel's alleged ineffectiveness. Mikail's sworn statements during his plea colloquy negate his current claims concerning any promise counsel might have made. Moreover, as the Government notes, rather than prejudicing Mikail, his cooperation resulted in a reduction of his sentence pursuant to § 5K1.1.  (Gov't Resp. at 9.)  Because Mikail suffered no cognizable prejudice, the court need not consider whether counsel's performance was deficient.  *See United States v. Claiborne*, 388 F. Supp. 2d 676, 681 (E.D. Va. 2005) ("it is not necessary to determine whether counsel['s] performance was deficient if the claim is readily dismissed for lack of prejudice") (citing *Strickland*, 466 U.S. at 697).  Thus, Mikail's motion must be denied.

### C.  Restitution Order

Additionally, in his reply brief and affidavit Petitioner raises for the first time an argument that the restitution order is unjust.  He asserts that he is in the process of obtaining cancelled checks which reflect amounts that should be subtracted from the amount of restitution ordered. (Mikail Aff. [Dkt. 202] ¶ 3(B).)  Additionally, he argues that five of the straw buyers made approximately $50,000 from these

10

transactions, which should be subtracted from the amount of restitution owed.  (Mikail Aff. ¶ 3(C).)  Mikail's claims concerning the restitution order are procedurally barred because they were not raised on direct appeal.  Mikail has not established cause or prejudice with respect to his claim concerning restitution, or that he is actually innocent of the underlying charges.

### IV. Conclusion

For the foregoing reasons, the Court will deny Petitioner's motion.

An appropriate Order will issue.

/s/
James C. Cacheris
United States District Judge

August 1, 2014
Alexandria, Virginia

James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE